The People of Puerto Rico, Plaintiff and Appellee, *v.*
Diego Gibson, Defendant and Appellant.

No. 6281. Argued March 9, 1937.—Decided March 12, 1937.

*Felipe Colón Díaz* for appellant. *R. A. Gómez, Prosecuting Attorney,*
and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the
court.

Diego Gibson, who was found guilty of the offense
of carrying a weapon, and sentenced to serve one month in
jail and to pay costs, appealed from the judgment rendered,
alleging as the fundamental basis of his appeal that the
Municipal Court of Ponce, where the case was originally
heard, as well as the District Court of Ponce, where it was
heard on appeal, had no jurisdiction to take cognizance of
the cause, in accordance with the facts stated in the complaint,
which textually copied reads thus:

"Justice of the Peace of Peñuelas, Puerto Rico.—United States of America, The President of the United States, ss: The People of Puerto Rico v. Diego J. Gibson, residing at Ponce, Industrial Street No. 45, Ponce. I, Erasmo Gotay, I. P. No. 380, resident of Peñuelas, P. R., Cemetery Street No. ____, of lawful age, file this complaint against Diego J. Gibson, for the offense of carrying a prohibited weapon, committed in the following manner: That on May 12, 1935, at 4:00 P. M. and in the ward of Tallaboa, of Peñuelas, P. R., pertaining to the Justice of the Peace Court of Peñuelas, P. R., which forms part of the Judicial Municipal District of Ponce, P. R., and in turn of the District Court for the Judicial District of Ponce, P. R., the said defendant, Diego J. Gibson, then and there, wilfully, unlawfully, and maliciously carried and had on his person a black jack, an instrument of a hard material, covered with leather, which is a weapon or instrument capable of producing bodily harm, which was seized and delivered to the court as evidence. Done contrary to the law for such cases made and provided, and against the peace and dignity of the People of Puerto Rico. (Sgd.) Erasmo Gotay, I. P. No. 380, complainant. Sworn to before me this 27th day of May 1935. (Sgd.) J. H. López, Jr., Justice of the Peace of Peñuelas."

Defendant claims that the complaint was filed in the Justice's Court of Peñuelas and that it is stated therein that the crime charged was committed "in the Tallaboa Ward, pertaining to the Justice's Court of Peñuelas, which forms part of the Municipal Judicial District of Ponce, P. R., and in turn of the District Court of the Judicial District of Ponce, P. R." The defense says that the complaint in the manner it is drafted gives jurisdiction to the Justice's Court of Peñuelas and not to the Municipal Court of Ponce, in accordance with section 71 of the Code of Criminal Procedure, according to which the complaint must contain the title of the action, specifying the name of the court before which it is presented and the names of the interested parties.

Peñuelas is included within the Municipal Judicial District of Ponce, and in turn has a justice of the peace.

It seems that the complainant, an insular policeman, filed the complaint before the Justice of the Peace of Peñuelas,

using for said purpose a form used for complaints before the justice of the peace court. Said complaint was the basis for the original prosecution of the defendant in the Municipal Court of Ponce, where he was found guilty of the offense charged against him.

It is true that the error assigned by defendant exists in the caption of the complaint and that in the body of the same there is mentioned the justice's court which forms part of the Municipal Judicial District of Ponce; but as a matter of fact, there is nothing to show that the complaint was presented to be passed upon by the Justice's Court of Peñuelas, but on the contrary it is clear that the complaint as a matter of fact was filed in the Municipal Court of Ponce. It does not appear, either, that the defendant called the attention of the municipal court as to said defect or that he submitted the question to the District Court of Ponce. The error could easily have been cured if the attention of the court which tried the case originally had been called thereto. The caption is not an essential part of the complaint, and if it is shown that the information was filed and the trial held in the proper court, we do not think that any error has been committed which would justify a reversal of the judgment.

Joyce in his work on "Indictments," at sections 161 and 162, pp. 180, 181, says:

"Although it may be stated generally that the caption should show that the indictment was returned to a court having jurisdiction and the earlier cases were authority for the doctrine that a failure to show such fact was fatal, yet it is a general rule that though a caption omits to show jurisdiction it will be sufficient if it appears from other parts of the record that the indictment was returned to a court having jurisdiction. So an indictment is not vitiated by an erroneous description of the court in the caption where the record accompanying the indictment shows that the court in which it was found had jurisdiction. And though the caption give an incorrect name to the court, yet since the caption forms no part of the indictment, an objection thereto on this ground will not be regarded where

it appears from the records that the indictment was returned to a court of whose existence judicial notice can be taken. So it has been decided that the designation in the caption of the court as 'The District Court of United States,' for the district of the territory, is at most a clerical or technical error, which does not vitiate the indictment. Again, it has been decided that the omission of the word 'court' in the caption of an indictment is immaterial, where the record shows the court into which the indictment was returned.

"A caption which is defective in failing to show that it was returned to a court having jurisdiction may be subsequently amended by the court so as to show such fact. And it has been decided that an amendment of this character may be made at any time. So in an early case in South Carolina it was held proper for the court to give leave after conviction to amend the caption so as to show that it was found at a special court."

■ No information is insufficient, nor can the trial or any other proceeding based on the same be affected by reason of any defect or imperfection of form, provided such defect or imperfection does not tend to prejudice the rights of the defendant upon its merits. Section 83, Code of Criminal Procedure.

■ We think that the jurisdiction is determined by the facts as stated in the body of the complaint, which in the instant case seem to us to be sufficiently clear.

■ It is further urged that the lower court erred in admitting in evidence the instrument presented by the district attorney as a prohibited weapon, and that the judgment is contrary to the evidence and the law. In our judgment, the errors assigned have not been committed. The lower court examined the evidence, had the weapon under its inspection, and found the defendant guilty. Although the appellant in his brief states that he requested that the instrument which was regarded as a prohibited weapon be sent up to this court, the truth is that the same has not reached us and that in this situation we must presume that the lower court, which saw the weapon and weighed the evidence, acted correctly in reaching its conclusions.

The judgment appealed from must be affirmed.